```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA     :
                             :
     v.                      :  Crim. No. 3:94-cr-00223 (AWT)
                             :
TRAVIS DAILEY                :
```

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, defendant Travis Dailey's Motion for Sentence Reduction Under First Step Act (Compassionate Release) (ECF No. 2682) is hereby DENIED.

Travis Dailey filed the instant motion for compassionate release as he was finishing serving the state court sentence imposed after his manslaughter conviction and about to begin service of his consecutive two-year federal sentence for violating supervised release.  As set forth in more detail in the government's opposition (see Amended Government's Response to Defendant's Motion for Release Under the First Step Act (ECF No. 2687) (Gov't's Response") at pages 2 through 6), Dailey has a lengthy, serious criminal history.  He was arrested on or about June 14, 1994 and charged in state court with conspiracy to commit murder; he was convicted on November 21, 1997 and sentenced to ten years to be served concurrently with a federal sentence.  Dailey was indicted on October 27, 1994, and he pled

guilty to a superseding indictment charging him with a drug conspiracy on or about June 23, 1995.  He was also charged in a third superseding indictment charging him with being an accessory after the fact to murder in violation of 18 U.S.C. § 3 and pled guilty to that charge on or about February 23, 1996. On March 11, 1996, Dailey was sentenced to 120 months of imprisonment on the drug charge and 135 months of imprisonment on the accessory after the fact to murder charge, to be served concurrently and followed by a five-year term of supervised release.

As set forth by the government in its opposition,

> After being sentenced in that case, when called as a witness at the RICO trial of fellow Los Solidos members, including Marcelina Delgado's killer, and having pleaded guilty to disposing of the firearm months earlier, Dailey feigned memory loss, which he all but acknowledged by nodding at Ralph Moreno as he was leaving the courtroom. Similarly, Dailey reneged on his plea agreement with state authorities to testify against Moreno in an unrelated state murder case.

Gov't's Response at 14.

Dailey's term of supervised release commenced on or about June 21, 2005.  On June 21, 2007 the court sentenced Dailey to three months of imprisonment for violating his conditions of supervised release, to be followed by a three-year term of supervised release.

"Dailey was released and commenced supervision on or about February 20, 2007, with supervised release scheduled to

2

terminate on February 19, 2010." Gov't's Response at 5. "However, less than a year after beginning supervision, on January 28, 2008, a petition was filed by the U.S. Probation Office alleging that Dailey had violated supervised release by committing another crime, specifically, the January 13, 2008 murder of Efrain Nazario." Id. at 5. "On or about June 10, 2009, Dailey pleaded guilty in State Court to Manslaughter in the First Degree with a Firearm and was sentenced to 30-years' imprisonment, suspended after 15 years, followed by three years of probation." Id. at 5-6. The sentence Dailey is currently serving is the 24-month term of imprisonment for the supervised release violation, imposed to be served consecutively to the 15-year state manslaughter conviction. After the imposition of that sentence Dailey filed motions to amend "which claimed that the sentence was based on Judge Dorsey's mistaken belief that he would receive good time credit in jail". Id. at 6. The motions to amend were denied and Judge Dorsey made it clear that a consecutive two-year sentence was warranted:

> Furthermore, the possibility of "good time credit" was only one of the many factors considered by the Court when imposing its judgment. The Court also considered that the original offenses for which Dailey was on supervised release involved drug dealing and the disposition of a firearm that killed a girl. Dailey was released from prison in June 2005, but his supervision was revoked in October 2006 for using drugs, refusing to participate in drug treatment and failing to notify probation of his arrest. This Court sentenced Dailey to three months incarceration and additional supervised release. Barely

3

> more than one year after his release from prison, he was
> arrested for killing Efrain Nazario, for which he pled
> guilty to manslaughter.  Given Dailey's serious and
> repeated violations of his supervised release, the Court
> finds no reasonable justification for the reduction in
> sentence that Dailey requests.

Id. at 15.

Dailey argues that extraordinary and compelling reasons support a reduction of his sentence.  He argues, first, that he "suffers from multiple preexisting conditions and comorbidities that put Mr. Dailey at heightened risk for severe infection and death from COVID-19"; second, that "family circumstances warrant relief" because his father died recently "and his elderly mother's health is failing"; third, he "has served a substantial sentence that has been unusually punishing" because he has been unable to earn time off his sentence for good behavior, he has "lost his father", and "has served the last two years under the conditions of the COVID-19 pandemic"; and fourth, he has an "extraordinary record of rehabilitation".  Def.'s Supporting Mem. at 1-2 (ECF No. 2682-1).

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that:

> the defendant has fully exhausted all administrative rights
> to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the defendant's
> facility, whichever is earlier . . . .

4

18 U.S.C. § 3582(c)(1)(A). Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i).

It is undisputed that defendant has satisfied the requirement with respect to exhaustion of administrative remedies. The parties disagree about whether the defendant has shown that extraordinary and compelling reasons are present here, but the court does not need to reach that issue because the section 3553(a) factors weigh against an early release of this defendant.

This defendant has a history of engaging in extremely violent criminal conduct which in two instances involved the death of a victim: "Dailey smashed the victim in the face with a tire rim" (Gov't's Response at 2), and "Dailey shot and killed Mr. Nazario in a drive-by shooting" (Gov't's Response at 5). The court cannot rely on respect for the law or the legal system to act as a restraint on this defendant's conduct. Rather, all the evidence suggests that they will not. As described by the

government, "when called as a witness at the RICO trial of fellow Los Solidos members, including Marcelina Delgado's killer, and having pleaded guilty to disposing of the firearm months earlier, Dailey feigned memory loss, which he all but acknowledged by nodding at Ralph Moreno as he was leaving the courtroom.  Similarly, Dailey reneged on his plea agreement with state authorities to testify against Moreno in an unrelated state murder case."  Gov't's Response at 14.  In addition, as the government states, the defendant's "second violation stems from killing another person while under the supervision of the Probation Office.  It is hard to envision a more serious breach of trust."  Gov't's Response at 13.

Accordingly, the court concludes that there is a need in this case to protect the public from further crimes of the defendant because the record suggests that he values maintaining his relationship with gang members and using violence as a means to settle disputes more than he values following the law. Moreover, reducing his sentence would not give due recognition to the extremely serious nature of the conduct which is the basis for the supervised release violation for which he is serving his two-year sentence.

It is so ordered.

Signed this 18th day of April 2022 at Hartford, Connecticut.

/s/AWT

_____
Alvin W. Thompson
United States District Judge